

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

FILED
AUG 29 2014
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY                          DEPUTY

| | |
|---|---|
| UNITED STATES OF AMERICA | Magistrate's Case No. '14MJ3014 |
| vs. | COMPLAINT FOR VIOLATION OF Title 21 U.S.C., 841(a)(1) – Possession with Intent to Distribute Cocaine Base; 18 U.S.C. § 922(g)(1) - Felon in Possession of a Firearm |
| ERVIN ALLEN DUCKETT, | |

The undersigned complainant being duly sworn states:

## COUNT ONE

That on or about July 12, 2014, within the Southern District of California, defendant ERVIN ALLEN DUCKETT did knowingly and intentionally possess, with intent to distribute more than 28 grams of cocaine base, to wit: approximately 57.49 grams of cocaine base, a Schedule II Controlled Substance, in violation of Title 21, United States Code, Section 841(a)(1).

## COUNT TWO

That on or about July 12, 2014, within the Southern District of California, defendant ERVIN ALLEN DUCKETT, having been previously convicted of a crime punishable by imprisonment for a term exceeding one year, did knowingly and intentionally possess a firearm that traveled in and affected interstate commerce, to wit: a Colt 1911 .45 caliber handgun, bearing serial number 381130; in violation of Title 18, United States Code, Section 922(g)(1).

And the complainant states that this complaint is based on the attached statement of facts, which is incorporated herein by reference.

Mario Duty
ATF Special Agent

Sworn to before me and subscribed in my presence, this 27th day of August, 2014.

Honorable JILL L. BURKHARDT
United States Magistrate Judge

## PROBABLE CAUSE STATEMENT

On July 12, 2014, San Diego Police Department Officers Ketchum (#5955) and Barnes (#6211) were on duty in a marked patrol vehicle in the vicinity of the 3800 block of University Avenue, San Diego, California. At approximately 9:40 pm, they noticed a light colored sedan drive past at a high rate of speed. Officer Ketchum pulled in behind the vehicle and paced its travel at 36 mph. The posted speed limit on University Avenue in that area is 30 mph.

In response, Officers Ketchum and Barnes initiated a traffic stop. The vehicle yielded near 3800 Cherokee Avenue. The driver was identified as Leonia Flowers. The front right-seat passenger was identified as Ervin Allen DUCKETT. Flowers provided a driver's license, but admitted that it was expired. A records check confirmed that Flowers' license was suspended. A records check on DUCKETT indicated that he was being supervised by federal probation.

A phone call to DUCKETT's probation officer, Craig Bilinski, confirmed that DUCKETT was being actively supervised by federal probation and that one of his conditions of supervision was a Fourth Amendment waiver. Bilinski also indicated that DUCKETT was Flowers' care taker and that he frequently stays at Flowers' residence (3850 Cherokee Avenue #3).

Officer Barnes requested consent to search the vehicle from DUCKETT – the vehicle's registered owner. No contraband was found.

DUCKETT was then searched pursuant to his Fourth waiver status. He was carrying approximately $8,862 in cash. He also had a black LG cell phone. DUCKETT gave Officer Barnes consent to look in his cell phone. In response, Officer Barnes found various text messages consistent with narcotics and narcotics sales. For example, in one series of text messages, DUCKETT was communicating with someone who was requesting a "QP" – which the officers understood to be a reference to a quarter pound of narcotics.

In a conversation with Officer Ketchum, Flowers explained that DUCKETT had been residing with her at 3850 Cherokee Avenue #3 for approximately four months. Sergeant Grubbs also spoke with Flowers' 17-year old son: who explained that DUCKETT resides at 3850 Cherokee Avenue. DUCKETT admitted that he was in Flowers' home every day – and that some of his clothes would be found there – but denied that 3850 Cherokee Avenue #3 was his actual residence.

Based on the totality of the circumstances, the officers concluded that 3850 Cherokee Avenue #3 was DUCKETT's residence and that a Fourth Amendment search would be conducted.

The apartment consisted of three bedrooms. Two of the bedrooms were clearly occupied by young people, based on the furniture, music, high school football helmet, and clothing. The third room contained adult clothing, medicine bottles with Flowers' name, and pictures of Duckett and Flowers. Prior to

searching the room, officers also visually identified a large pair of men's boxers on a dirty laundry pile. The boxers were size XXXL and appeared to be the exact size that would fit DUCKETT. They would not have fit the juveniles who also resided there.

While searching the room, Officer Gallegos located a black canvas bag on the stop shelf in the closet. Inside the bag, Officer Gallegos discovered a loaded Colt 1911 .45 caliber handgun. The magazine loaded into the handgun contained seven rounds of ammunition. On the same shelf, officers found a grocery bag containing a clear plastic sandwich baggie with three large pieces of an off-white substance (later determined to be 57.49 grams of cocaine base), small digital scale with white residue on the weighing plate, a used razor blade with white residue, and a partially used box of additional plastic sandwich baggies. The items were seized.

Prior to leaving, officers confirmed that a key on DUCKETT's lanyard keychain locked and unlocked the front door of 3850 Cherokee Lane.

DUCKETT was advised that he was being detained and transported downtown. As he was getting into the patrol car, DUCKETT made the following unsolicited statement: "Man just let my baby go. Whatever you found in the room is mine, I will take it all, put it on me."

At approximately 11:12 pm, DUCKETT was read his Miranda rights. After some requested clarifications, DUCKETT acknowledged that he understood his rights and was willing to make a statement without the presence of an attorney. In sum, DUCKETT admitted that he was responsible for the gun and drugs.

DUCKETT also claimed that the large amount of cash he was carrying was winnings from Sycuan casino. SDPD Detective McCoy later contacted Sycuan and requested information related to any winnings reported by DUCKETT. Sycuan records indicated that DUCKETT was currently showing an overall loss of

$200. There was also no record of any recent W-2G forms, which are required by the IRS for any winnings over $1,200.

Subsequent record checks on Ervin Allen DUCKETT revealed the following relevant criminal history:

| CONVICTION DATE | COURT OF CONVICTION | CHARGE | TERM OF IMPRISONMENT |
|---|---|---|---|
| 3/6/1992 | CASC – San Diego | HS11350 – Poss Cocaine (Felony) | 120 days jail |
| 5/9/1993 | CASC – San Diego | HS11360 – Tran/Sale Marijuana (F) | 2 years prison |
| 12/1/1999 | CASC – San Diego | Ct 1 - HS11359 – Poss Marijuana 4/Sale (F) Ct 2 – PC 12021 – Felon in Poss Firearm (F) | 16 months prison |
| 8/2/2002 | CASC – San Diego | HS 11360 – Tran/Sale Marijuana (F) | 4 years prison |
| 9/22/2005 | CASC – San Diego | HS 11351.5 – Poss/Purch Cocaine Base 4/Sale (F) | 3 years prison |
| 7/10/2009 | USDC – Southern District Ca. 08cr-206DMS | 18 U.S.C. 922(g) – Felon in Poss Firearm (F) | 77 months prison 3 years S/R |

The firearm was seized and inspected. It was determined to be a Colt 1911 .45 caliber handgun, bearing serial number 381130. Preliminary checks on the firearm revealed that it was not manufactured in California.